# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: H.M. & C.M.**

**No. 14-0025** (Nicholas County 13-JA-52 & 13-JA-53)

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Kenneth J. Barnett, appeals the Circuit Court of Nicholas County's December 20, 2013, order terminating his parental and custodial rights to the children, H.M. and C.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem, Julia R. Callaghan, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental and custodial rights without granting him a dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed an abuse and neglect petition against the parents, alleging that they were unable to provide the children with a safe and suitable home. At the time, the DHHR alleged that the mother was on bond for a felony child neglect charge and, as a condition thereof, was allowed no contact with the children. The DHHR further alleged that petitioner suffered from a seizure disorder that rendered him unable to be the children's sole caretaker. Further, according to the DHHR, petitioner was residing with relatives who were filing a domestic violence petition against him. That same month, the parents waived their right to a preliminary hearing.

In October of 2013, the DHHR filed an amended petition alleging that the parents have a history of homelessness; that the mother has a history of erratic behavior, misuse of medication, and driving under the influence with her children in the car; that the mother gave C.M.'s Adderall to H.M.; that the mother admitted to ingesting the child's Adderall; that both parents have a history of Child Protective Services ("CPS") involvement in North Carolina and South Carolina due to homelessness and the mother's drug abuse; that the parents' third child is in relative placement pursuant to an abuse and neglect proceeding in North Carolina; that petitioner knew or should have known about the mother's prescription drug abuses; and that petitioner was convicted of the felony offense of unlawful conduct toward a child in South Carolina.

1

On October 15, 2013, the circuit court held an adjudicatory hearing and found the parents to be abusing parents. In reaching this determination, the circuit court noted that because of the mother's criminal charge of child neglect, she was not allowed contact with the children. Additionally, petitioner was residing at a homeless shelter in Kanawha County at the time. The circuit court also found that the DHHR made reasonable efforts to prevent the children's removal by offering services pursuant to a safety plan with petitioner. Following the adjudicatory hearing, petitioner filed a motion for a post-adjudicatory improvement period.

In November of 2013, the circuit court held a dispositional hearing and heard testimony regarding petitioner's psychological evaluation. Both parents also testified at this hearing. The circuit court found that the parents had two prior abuse and neglect cases in other states based on the same issues present in the current matter, and that one of the proceedings resulted in an older child being placed with relatives and the parents were denied visitation. The circuit court found that this was involuntary as it required court intervention. The circuit court found aggravated circumstances existed because of the prior proceedings, as well as the mother stealing the child's medication, and petitioner's prior conviction for felony neglect in regard to the children. The circuit court then denied petitioner an improvement period and terminated the parents' parental and custodial rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental and custodial rights without granting a dispositional improvement period. While petitioner argues that the circuit court failed to follow the directive to employ the least restrictive dispositional alternative pursuant to West Virginia Code § 49-6-5(a) and our holding in Syllabus Point 1 of *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980), petitioner's argument ignores our further directions regarding termination of parental rights upon findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future.

Specifically, we have held that

2

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va.Code, 49–6–5 [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va.Code, 49–6–5(b) [1977] that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). In this case, the circuit court specifically found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. This finding was based upon substantial evidence, including expert psychological testimony.

During the dispositional hearing, the psychologist who conducted petitioner's psychological evaluation testified that petitioner's prognosis for improved parenting was poor, he enabled the mother in her drug abuse, and he failed to take any steps to protect the children from the mother's drug abuse. This is in spite of the mother's arrest for child endangerment due to her driving under the influence of drugs with the children in the car. Further, the circuit court noted that petitioner was unable to remedy the conditions of abuse and neglect present in the home even with the help of social services, as evidenced by the prior abuse and neglect cases involving the children. The circuit court found that, for the entirety of these children's lives, the parents had been under some form of supervision in an effort to remedy conditions that still exist.

Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse and neglect includes one where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child . . . ." As set forth above, the evidence shows that despite repeated abuse and neglect proceedings concerning these same issues, petitioner has simply failed to remedy these persistent conditions of abuse and neglect. Further, the circuit court found that termination of petitioner's parental and custodial rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6) and our prior holdings addressed above, circuit courts are directed to terminate parental rights upon these findings.

Lastly, in support of his assignment of error, petitioner argues that the circuit court erroneously found that aggravated circumstances existed. Under West Virginia Code § 49-6-5(a)(7)(A), aggravated circumstances are a basis to proceed to disposition without the DHHR making reasonable efforts to preserve the family by offering services. In this matter, petitioner was provided services throughout the proceedings until the dispositional phase. Petitioner's main argument on this point is that the allegedly erroneous findings as to aggravated circumstances should not have been used as a basis to terminate his parental and custodial rights. However, the Court notes that the decision to terminate petitioner's parental rights, as opposed to granting him a dispositional improvement period, was based upon ample evidence outlined above, would remain valid absent the findings regarding aggravated circumstances. Further, the aggravated circumstances findings did not deprive petitioner of any services because the same were

provided through the dispositional phase of the proceedings, and petitioner was not entitled to additional services because of the circuit court's decision to terminate his parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 20, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II